COY v. MARTIN et al.

(Supreme Court, Appellate Division, First Department. May 20, 1898.)

CONTRACTS OF EMPLOYMENT—EVIDENCE OF DISCHARGE.

    A letter by an employer notifying his employé, who had been engaged to perform certain specified duties in New York City, that he would no longer be kept in that employment, but that he could sell goods in another state, on a new contract, shows a discharge.

Appeal from trial term, New York county.

Action by George E. Coy against Richard M. Martin and others, as executors of William Campbell, deceased. From a judgment for plaintiff, entered on the jury's verdict, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before PATTERSON, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

L. E. Warren, for appellants.

Arthur G. Palmer, for respondent.

RUMSEY, J. The plaintiff claimed that on the 8th of July, 1895, he was employed by William Campbell for one year, at a guarantied salary of $5,000, to work for Campbell in his business of wall paper, as general manager; and that such employment continued until the 12th of March, 1896, when the plaintiff was wrongfully discharged from his employ by Campbell. This action was brought to recover the damages which he had sustained by reason of such wrongful discharge. It was brought on the 12th of April, 1896, and before the year had expired, but was not tried until the month of February, 1898. In the meantime, Campbell had died, and his executors were substituted as defendants. The death of Campbell took away the right of the plaintiff to be sworn as a witness, and he therefore was compelled to make his case by the evidence of one Fischer, who testified to hearing the contract of employment made between Campbell and the plaintiff on the 8th day of July, 1895. The truthfulness of this testimony was attacked by the defendants, not only upon cross-examination, but by facts which it was claimed tended to overthrow it; but it was, clearly, upon the whole case, a question for the jury.

whether the contract was made. The defendants claimed that the plaintiff was not wrongfully discharged, and that there was an entire failure of evidence in that regard.

The plaintiff was employed to take charge of the distribution of goods in the salesroom and warehouse, and he entered upon that employment upon the day when the contract was made. On the 12th day of March, 1896, he was notified by Campbell that his services would no longer be required in connection with the salesroom and warehouse, but that, if he desired to make sales of goods in Ohio or in any other territory that was not engaged, he might put on paper what they consisted of, and Campbell would give the matter his best attention. It was claimed by the defendants that this letter did not constitute a discharge of the plaintiff from his employment; but that claim is clearly unfounded. The plaintiff had been employed to perform certain specified duties in the city of New York. Campbell notified him that he would no longer be kept in that employment. If the notification had stopped there, it would have been a discharge of the plaintiff, and a breach of the contract by Campbell. The fact that Campbell expressed a willingness to employ him as a traveling salesman upon a different contract did not take away the fact of the discharge from the previous employment. There was practically no defense to the action, and the jury could not have made any other finding than they did upon the case presented.

The judgment and order appealed from must be affirmed, with costs. All concur.